## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

THE ESTATE OF
ANTHONY BARRÉ
AND HIS SOLE HEIR,
ANGEL BARRÉ,                                    CASE NO.: 2:17-cv-01057
PLAINTIFFS

VERSUS

BEYONCÉ KNOWLES CARTER,
PARKWOOD ENTERTAINMENT, LLC
SONY MUSIC ENTERTAINMENT,
MICHAEL L. WILLIAMS, III,
KHALIF BROWN, ASHETON HOGAN,
EARDRUMMERS ENTERTAINMENT, LLC,
EARDRUMMERS MUSIC PUBLISHING, LLC,
OAKLAND 13 MUSIC,
WARNER – TAMMERLANE CORPORATION,
WB MUSIC CORPORATION,
ASPIRO AB,
MELINA MASTOUKAS
PRETTY BIRD PICTURES, INC., AND
ABC INSURANCE COMPANY
DEFENDANTS

### FIRST AMENDED
### COMPLAINT FOR COPYRIGHT INFRINGEMENT,
### FALSE ENDORSEMENT, UNFAIR TRADE PRACTICES, AND
### <u>UNJUST ENRICHMENT</u>

**NOW COME,** Plaintiffs, the Estate of Anthony Barré, and his sole heir, Angel Barré, and

amends their original Complaint for willful copyright infringement, false endorsement, unfair trade

practices, and unjust enrichment against Defendants, Beyoncé Knowles Carter, et al, for

infringement and misappropriation of Anthony Barré's actual voice, copyrighted works, and other

intellectual property.  Plaintiffs aver as follows:

1

## INTRODUCTION

1.

Defendants, Mrs. Carter, Parkwood Entertainment, LLC, Sony Music Entertainment, and others produced, distributed, publicly performed and otherwise used and exploited the actual voice, words and performance of Anthony Barré, without authorization in the extremely popular "Formation" master recording, composition and video, and in theatrical and other live performances.  Defendants used Mr. Barré's voice, performance and words from his copyrighted works to create the tone, mood, setting and location of the New Orleans-themed "Formation", which was also included in the video DVD of Mrs. Carter's "Lemonade Album. The You Tube links to Angel Barré's videos are https://youtu.be/zsYOnx2xJuY and https://www.youtube.com/watch?v=daKqgdcypTE.

Anthony Barré's voice and authorship of the introductory words of the "Formation" video, audio recording and composition were immediately, widely recognized by music commentators and media.  Despite reports published in *The New Yorker*, music industry publications and a multitude of Internet publications that Mr. Barré's voice and words were copied and used in "Formation"; Defendants have not acknowledged his contribution, obtained permission from Plaintiffs to use his copyrighted voice, performance and words, nor provided compensation to his estate.  While Mrs. Carter, Parkwood, Sony, and others have received many accolades and substantial profits from "Formation" and the "Lemonade" album and video, and the "Formation World Tour", Mr. Barré's estate has received nothing – no acknowledgment, no credit, no remuneration of any kind.

Plaintiffs, following notice and amicable demand, bring this action to vindicate the Late-Anthony Barré's rights for the deliberate taking of his works and voice, to recover damages, and to ask that Defendants be required to disgorge their ill-gotten profits attributable to their infringement, and cease and desist their continued unauthorized use of Anthony Barré's works, provide credit and compensation rights and interests in the infringing works.

## **PARTIES**

2.

Plaintiffs, the Estate of Anthony Barré, and his sole heir, Angel Barré, were at all times domiciled in New Orleans, Louisiana.  Anthony Barré's sister, Angel Barré, is the court-appointed Independent Administrator of the Estate of Anthony Barré.  She is also Anthony Barré's sole heir. The Estate of Anthony Barré received all ownership interests, including the copyrights and rights of copyright of the Late-Anthony Barré in the works of performance art upon his death in 2010. Ms. Angel Barré was judicially appointed as the Independent Administrator of the Estate of Anthony Michael Barré on February 25, 2016.  *See Succession of Anthony Michael Barré*, No. 16-1799, Civil District Court for the Parish of Orleans, State of Louisiana.  The Late-Anthony Barré was at all times a resident of New Orleans.

3.

Plaintiffs own a protectable copyright interest, both in the musical composition and the sound recording, to Anthony Barré's original and unique works of performance art, "Booking the Hoes from New Wildings" (Copyright Office Registration Number PA u 3-795-556. Plaintiffs have also registered this work with the Copyright Office as a Sound Recording) and "A 27 Piece Huh?" (Copyright Office Registration Number PA 1-984-735.  Plaintiffs have also registered this work with the Copyright Office as a Sound Recording) which include the unique and original vocal

sample and words that appear in "Formation", "Lemonade" and the "Formation World Tour." Plaintiffs will submit Mr. Barré's video recordings at issue to the Court on a DVD. Plaintiffs will also submit the audio and video recordings of "Formation" and "Lemonade" to the Court on a DVD.

4.

Defendant, Beyoncé Knowles Carter, is a resident of Los Angeles, California, and was the Executive Producer of the "Lemonade" video and audio recording. Beyoncé Knowles Carter was credited as one of the writers of "Formation."   Mrs. Carter was also one of the producers of "Formation" and was credited for vocal production of "Formation."   Mrs. Carter owns a home in New Orleans, Louisiana, through her businesses, Parkwood Entertainment, LLC and Sugarcane Park, LLC.  Defendants, Beyoncé Knowles Carter, et al, created, recorded, performed, produced and distributed the music video and sound recording known as "Formation" and the music video and sound recording album known as "Lemonade", which includes "Formation", the "Formation World Tour" performances and other performances.

5.

Defendant, Parkwood Entertainment, LLC, which licensed and produced the "Lemonade" album, is a Nevada limited liability company, domiciled in New York State, which purposely and regularly conducts business in New Orleans, Louisiana, including owning immovable property in New Orleans, through its wholly-owned subsidiary, Sugarcane Park, LLC.

6.

Defendant, Sony Music Entertainment, is a Delaware corporation, domiciled in the State of New York, which is the owner or parent company of Columbia Records, which licensed and distributed the "Formation" and "Lemonade" video and audio recordings.

4

7.

Defendant, Michael L. Williams, II, is a resident of Alpharetta, Georgia, and was one of the writers, composers and producers of the "Formation" composition and audio recordings.  Mr. Williams is also known as "Mike Will Made It."  He is a member and manager of Eardrummers Music Publishing, LLC and Eardrummers Entertainment, LLC.

8.

Defendant, Khalif Brown, is a resident of Georgia, and was credited as one of the writers, composers and publishers of "Formation," according to the "Formation" credits published by defendants.  He is affiliated with BMI.  Mr. Brown is also known as "Swae Lee."

9.

Defendant, Asheton Hogan, is a resident of Georgia and was credited as one of the writers and publishers of "Formation." Mr. Hogan is also known as "Pluss," "A Plus" and "A+."  He is affiliated with BMI.

10.

Defendant, WB Music Corporation, a California corporation, domiciled in Los Angeles, California, is one of the publishers of "Formation", according to the credits published by defendants, and is affiliated with ASCAP.  WB Music Corporation is the ASCAP publisher entity of Warner Music Group and is affiliated with Warner-Tamerlane Publishing Corporation.  WB Music Corporation administers and controls rights to "Formation" on behalf of itself, Oakland 13 Music and others.

11.

Defendant, Warner – Tamerlane Corporation, a California corporation, domiciled in Los Angeles, California, is one of the publishers of "Formation" and is affiliated with BMI.  Warner-

Tamerlane is the BMI publisher entity of Warner Music Group and is affiliated with WB Music Corporation.

12.

Defendant, Eardrummers Music Publishing, LLC, also doing business as "Sounds from Eardrummers, LLC", is a Georgia limited liability company, domiciled in Alpharetta, Georgia, and is listed in the credits as one of the publishers of "Formation." Eardrummers Music Publishing is affiliated with BMI. Eardrummers Music Publishing is Michael William's publishing entity.

13.

Defendant, Oakland 13 Music, the domicile of which is presently unknown, which was one of the publishers of "Formation" and is affiliated with ASCAP. On information and belief, Oakland 13 Music is the publishing entity of Mrs. Carter.

14.

Defendant, Eardrummers Entertainment, LLC, is a Georgia limited liability company, domiciled in Alpharetta, Georgia, which though its agent, employee or contractor, Asheton Hogan, known as "Pluss" co-produced the "Formation" video and audio recordings. Eardrummers Entertainment is Michael Williams's production company.

15.

Defendant, Aspiro AB, is a Swedish corporation, domiciled in Malmo, Sweden, which purposely and substantially conducted business in Louisiana, by marketing and selling "Formation" and "Lemonade" to Louisiana residents, including the plaintiff Angel Barré. Aspiro AB operates the Tidal music and video distribution services, which had exclusive, initial distribution rights to the "Formation" video and audio recording and the "Lemonade" audio and video recording. On information and belief, Mrs. Carter is a part owner of Aspiro AB.

6

15.

Defendant, Pretty Bird Pictures, Inc., a California corporation, on information and belief, was involved in obtaining releases and licenses for use of Anthony Barre's videos, but never contacted plaintiffs.  Pretty Bird Pictures is affiliated with Melina Mastoukas.

16.

Defendant, Melina Mastoukas, a resident of California, was the director of the "Formation" video.

17.

Upon information and belief, insurance companies, which are presently unknown, issued policies of insurance to defendants which provide coverage and are liable for plaintiffs' claims. Such insurance companies, referred to as ABC Insurance Company, are sued directly under the Louisiana Direct Action statute, La. R.S. 22:1269.

## JURISDICTION AND VENUE

18.

The jurisdiction of this Court with respect to the copyright infringement claims is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq.*), and the Lanham Act (15 U.S.C. section 1125(a)), which are within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction for plaintiffs' state law unfair trade practices and unjust enrichment claims pursuant to 28 U.S.C. Section 1367.

19.

This Court has personal jurisdiction over Defendants because the Defendants' infringement and misappropriation, individually and in concert with one another, has occurred, and is

continuing, in this judicial district and the Defendants conduct systematic and continuous business in this judicial district, as discussed fully herein.   Defendants, Mrs. Carter and Parkwood Entertainment and/or their agents also own immovable property in this judicial district

20.

This Court has specific personal jurisdiction over Defendants given the systematic and continuous business contacts of Defendants in Louisiana as evidenced by the connections discussed below, which, collectively, prove purposeful availment of Louisiana.

21.

Plaintiffs' claims implicate widespread, pervasive infringement of copyrights owned by the Estate of Anthony Barré, which is domiciled in New Orleans, Louisiana.  The Independent Administrator of the Estate of Anthony Barré, his sister Angel Barré is a resident of New Orleans and is Anthony Barré's sole heir.

22.

Defendants have knowingly and willfully exploited the Infringing Works in Louisiana, beginning with offering and advertising the Infringing Works, "Formation" and "Lemonade" for sale in Louisiana, and/or authorized the same.

23.

Defendants benefited substantially from the sale and transmission of a substantial number of copies of the Infringing Works, "Formation" and the "Lemonade Album" DVD, in Louisiana.

24.

Defendants licensed or authorized the licensing of the Infringing Works with Louisiana

8

companies and for exploitation in Louisiana, including but not limited to the distribution of the Infringing Works via Internet services, wholesale and retail sales in Louisiana and performance of the Infringing Works in Louisiana, including but not limited to the "Formation" Tour performance on September 24, 2016 at the Superdome in New Orleans.

25.

A substantial number of purchasers of the Infringing Works are Louisiana residents.

26.

A portion of the filming for the "Formation" video occurred in New Orleans.

27.

Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with Louisiana residents.

28.

A coordinated plan existed among numerous Defendants to distribute the Infringing Works throughout the United States, including Louisiana.

29.

Defendants actively participated in or authorized the unauthorized and unlawful manufacture, replication, distribution, performance and other use and exploitation of the Infringing Works and actively participated in the unauthorized and unlawful manufacture, replication, distribution, performance and other use and exploitation of the Infringing Works to Louisiana residents.

9

30.

Defendants actively participated in the unauthorized and unlawful distribution and transmission of the Infringing Works via the Internet, including but not limited to the initial, exclusive release of "Formation" and "Lemonade" on the "Tidal" music streaming service, and the later releases of the Infringing Works via YouTube, Amazon and other Internet services, which resulted in substantial commercial transactions with Louisiana residents.

31.

Defendants actively participated in transmission and streaming of the Infringing Works via the Internet, which was available to and viewed by Louisiana residents.

32.

Mrs. Carter has made, and she and other Defendants have authorized, organized, and promoted, performances of the Infringing Works in Louisiana, including but not limited to the "Formation World Tour" performance in New Orleans on September 24, 2016.

33.

Defendants have generated touring revenues from the unauthorized and unlawful exploitation of the Infringing Works, including receiving substantial revenue from such exploitation in Louisiana.

34.

Louisiana has a considerable interest in adjudicating disputes wherein the copyrights owned by Louisiana residents are misappropriated and infringed

35.

The Defendants which are domiciled in other states and Sweden, facilitated the infringing acts occurring in the United States, and actively participated in a scheme aiding, inducing, and contributing to copyright infringement, false endorsement, unfair trade practices and unjust enrichment in the United States, including but not limited to Louisiana.

36.

Defendants also entered into agreements with persons or companies that have a significant presence in Louisiana, with the intention that such contracts will be performed in Louisiana, including but not limited to contracts for the filming of the "Formation" video, distribution of the "Formation" and "Lemonade" video and audio recordings, and ticket sales, merchandise sales and other arrangements for the Formation Tour performance at the Superdome on September 24, 2016.

37.

For those Defendants, which are domiciled in other states and Sweden, each could certainly reasonably anticipate being hailed into a court in the U.S., and Louisiana specifically given their willful and knowing exploitations of the Infringing Works in Louisiana. Thus, jurisdiction could also be exercised constitutionally in this Court pursuant to Rule 4(k) (2).

38.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

## FACTS

### Anthony Barré and his Works

39.

Anthony Barré, also known as, "Messy Mya," was a well-known performance comedian, music artist and MC in New Orleans. He is very closely associated with the so-called "Bounce Music" phenomenon in New Orleans. There are more than a hundred videos published that document his performances, statements, comedic routines, etc. He was very famous for the line, "Follow me camera", as he traversed the City of New Orleans and traveled deeply into the gay, lesbian and transgender communities. He was also very closely associated with New Orleans in the aftermath of Hurricane Katrina and its impacts upon black New Orleans and the gay, lesbian and transgender communities. His YouTube video views exceed two million and are climbing.

40.

Anthony Barré produced and distributed two albums and several individual songs. He also appeared on numerous songs with local Bounce Rap artists, including Freddie Ross (known as "Big Freedia"), the Late-Magnolia Shorty, Cheeky Black, Fly Boy Keno and collaborated with several New Orleans disk jockeys on recordings. His music is still very popular on the radio and is also available on You Tube, Pandora, iTunes, and other Internet services.

41.

Antony Barré was and is a You Tube sensation with many videos. He created and published several humor videos and music videos, which have received over two million views on You Tube. He is well known for his quotes and catch phrases with his loud colored hair and raspy voice. Strolling through the streets of New Orleans saying "Follow Me Camera", "O Yass", "Who Gon

Pop Me", "When You Book You Book Everybody", "Messy Mya Outta Here", "One Thing About It", "You Could Possibly Neva", "Messy Mondays", and "Back by Popular Demand."

42.

Anthony Barré created, composed and recorded "Booking the Hoes from New Wildings" in New Orleans on August 19, 2010, and published that work via You Tube on August 19, 2010. "Booking the Hoes from New Wildings" includes Anthony Barré saying "What happened at the New Orleans" and "Bitch, I'm back by popular demand", which were misappropriated and infringed by Defendants.

43.

Anthony Barré's voice was a unique instrument. The timbre of Anthony Barré's voice was inextricably linked to his performance art, especially in "Booking the Hoes from New Wildings" and "A 27 Piece Huh?"

44.

Anthony Barré created, composed and recorded "A 27 Piece Huh?" in New Orleans on September 3, 2010, and published that work via You Tube on September 3, 2010.  "A 27 Piece Huh?" includes Anthony Barré saying "Oh yeah baby.  I like that", which was misappropriated and infringed by Defendants.

45.

Anthony Barré was murdered on November 10, 2010, on the same streets in which he performed. After Anthony Barré's death there was an outpour of support from people such as Nikki Minaj and Oprah Winfrey.

46.

Angel Barré in her capacity as the Independent Administrator of the Estate of Anthony Barré applied for and received copyright registrations for the "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" works of performance art, effective April 25, 2016 (certificates attached, Exhibit A and Exhibit B).  The Estate applied for copyright registrations of the Sound Recordings of Booking the Hoes from New Wildings" and "A 27 Piece Huh?" on January 27, 2017.

47.

Defendants' willful infringement of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" has harmed the Estate of Anthony Barré because, among other things, Anthony Barré was not properly credited for his contributions to "Formation" and "Lemonade." The proper licensing of Booking the Hoes from New Wildings" and "A 27 Piece Huh?" for "Formation," "Lemonade" and the "Formation World Tour" would not have only generated substantial revenues, but it would have generated international recognition for Anthony Barré's performance works and as contributor to a worldwide hit song. Instead, Anthony Barré's family had to sit by and watch Defendants receive acclaim, and compensation without any of the proper recognition being received, as it should have been, by Anthony Barré.

**"Formation", "Lemonade" and the "Formation World Tour"**

48.

The "Formation" recording includes an audio and video recording, the latter begins with the voice of Anthony Barré saying "What happened at the New Orleans" and "Bitch I'm back, by popular demand."  Formation also includes Anthony Barré saying "Oh yeah Baby. 1 like that."

49.

The "Formation" works were produced by Defendants prior to Saturday, February 6, 2016. On information and belief, Michael L. Williams, III, Khalif Brown, Asheton Hogan, Swae Lee and Mrs. Carter wrote and composed "Formation." Mrs. Carter and Melina Mastoukas co-directed the Formation music video. The recording was produced by Mrs. Carter, who is credited as Executive Producer, and Mike Will Made-It. The Co-Producers were Asheton Hogan (also known as "Pluss") for Eardrummers Entertainment, LLC. Mrs. Carter was also credited for vocal production.

50.

Formation was published by WB Music Corporation, Eardrummers Music Publishing, LLC, Oakland 13 Music and Warner-Tamerlane Corporation.

51.

"Formation" was released by Defendants on Saturday, February 6, 2016, initially exclusively via the "Tidal" music distribution service, owned by Defendant, Aspiro AB, which is owned in part and controlled in part by Defendant Mrs. Carter.

52.

Mrs. Carter performed "Formation" during the Super Bowl half-time show on February 7, 2016, which was broadcast on TV and the Internet world-wide, to an audience of more than 115 million viewers.

53.

Anthony Barré's voice, performance and words were used by Defendants in certain "Formation" audio and video recordings, without permission, acknowledgement or compensation.

54.

"Formation" was included in the audio and video "Lemonade Album" released on April 23, 2016.  "Lemonade" was initially distributed by Tidal music service and by Parkwood Entertainment, LLC, under exclusive license to Columbia Records, a division of Sony Music Entertainment.

55.

Defendants engaged in a strategy to increase the revenues and value of Aspiro AB and its Tidal music service by initially releasing "Formation" and "Lemonade" on Tidal and delaying the release of "Formation" and "Lemonade" on iTunes, Amazon and delaying the release of the "Lemonade" album to retailers.

56.

In order for Mrs. Carters fans to access "Formation" upon its release, they were required to subscribe to the Tidal music service.

57.

"Formation" and "Lemonade" have resulted in the Tidal music service receiving more than a million new subscribers, who pay $12.99 per month.

58.

The use of exclusive releases is a business model of Tidal, which has added greatly to the value of Tidal.

59.

 "Lemonade" was released in the United States on April 23, 2016.  Tidal, Parkwood Entertainment, LLC, Columbia Records, a division of Sony Music Entertainment released, manufactured, distributed, and marketed the single "Formation" and the "Lemonade" album.

60.

The "Formation" single was Number 1 on Billboard's Trending 140 music chart, was in the top ten on many international music lists and has sold more than 543,000 copies in the United States.  The Recording Industry Association of America ("RIAA") certified "Formation" as "Gold" on September 27, 2016, due to U.S. sales of more than 500,000 digital downloads. Some or all of those sales included the plaintiffs' intellectual property.

61.

Mrs. Carter's "Formation" world tour, during which Defendants performed the Infringed Works, that included a performance in New Orleans on September 24, 2016, resulted in sales of more than two million tickets and revenues of more than $250 million. Some or all of those performances included the plaintiffs' intellectual property.

62.

Anthony Barré's voice, words and performance from "A 27 Piece Huh?" were used and

exploited during the "Formation World Tour" performances to provide a false and unauthorized endorsement of Mrs. Carter and the "Formation World Tour."  Approximately 4 minutes into the introductory performance of "Formation," as Mrs. Carter and the other performers move from one area of the stage to another, Anthony Barré's voice is heard saying "Oh yeah baby, I like that."

63.

Anthony Barré's words from "Booking the Hoes from New Wildings" were further exploited during the "Formation World Tour" by having another person imitate his voice and cadence in saying "Bitch I'm Back by Popular Demand" before Mrs. Carter appears on stage. Freddie Ross ("Big Freedia") said those words during the New Orleans and Houston tour performances.   Other men imitated Anthony Barré in saying those words during other performances.

64.

The "Lemonade" album debuted at Number 1 on the Billboard album chart.  "Lemonade" had 485,000 album sales and 908,000 purchases of singles via Internet streaming services, primarily Tidal, in the first week after its release.  World-wide sales were 1,600,000 as of June 14, 2016.  The Recording Industry Association of America ("RIAA") certified "Lemonade" as "Platinum" on June 6, 2016, due to U.S. sales of more than 1,000,000 albums and downloads.

65.

Anthony Barré's voice saying "What happened at the New Orleans", "Bitch I'm back, by popular demand" and "Oh yeah baby, I like that" set the tone, mood, setting and location for "Formation."

66.

Defendants have never denied the many media reports that Anthony Barré's voice and words were sampled by Defendants for the "Formation" video and audio, the "Lemonade" album and the "Formation World Tour."

67.

The use of Anthony Barré's distinctive voice and words from his sound recordings and performance art works "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" in the "Formation" video and audio, is grounds for this Court to infer that Defendants had access to Mr. Barré's works, through You Tube or other means.  The verbatim copying of Mr. Barré's voice and words, by Defendants, is so blatant in both scale and degree, that it raises this matter to an unusual level of striking similarity where access is presumed.

71.

Defendants' sampling and copying of three phrases from Anthony Barré's works, which are qualitatively important and crucial elements of "Formation", the "Lemonade Album" and the "Formation World Tour", is a sufficient basis to find substantial similarity.

## INFRINGEMENT BY DEFENDANTS

72.

To write and produce the song and the video for "Formation," defendants intentionally and unlawfully copied the unique and original voice and words of Anthony Barré from the "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" works and sound recordings, by unlawfully

sampling Anthony Barré's protectable video and audio recordings of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?".

73.

Anthony Barré's voice and words in "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" are original, unique, specific in terms of pitch, register, and overall use, and they are the defining introduction of the song "Formation" and the seed from which the entire song grows.

74.

The voice and words of Anthony Barré, "What happened at the New Orleans", "Bitch I'm back, by popular demand" and "Oh yeah baby, I like that" reach the very essence of "Formation" and are crucial to "Formation."  There should be no doubt that Anthony Barré's unique, gravelly voice, cadence and words were sampled by Defendants. The specific and unique characteristics of the male voice of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" and the infringing "Formation" are identical. The similarities go beyond substantial, which is itself sufficient to establish copyright infringement, and are in fact striking. The similarity of words, vocal style, and rhythm are clear indicators, among other things, that "Formation" copies Anthony Barré's works.

75.

The identical and striking similarity between "Formation and the protectable elements of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" are obvious, such that an ordinary lay listener would instantly recognize the sample and similarity between the works.  That similarity surpasses the realm of generic coincidence and independent creation.

76.

Defendants' sampling, copying, and repeated and continuing commercial use and exploitation of Anthony Barré's words, voice and performances from the copyrighted works and sound recordings is not within the scope of the "fair use" exception to copyright.

77.

Given the undisputable sampling of Anthony Barré's distinctive voice and words, Defendants knew when writing, publishing, recording, releasing, advertising, transmitting, publicly performing and distributing, "Formation" that they were infringing on pre-existing works. Defendants' knowledge that they were infringing copyrighted works is further evidenced by having "Big Freedia" or another person imitate Anthony Barré's voice, tone and cadence saying "Bitch I'm Back by Popular Demand" during the "Formation World Tour".

78.

Defendants knew or should have known that "Formation" unlawfully copied "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" on or before February 8, 2016, due to the many media reports that "Formation" had sampled Anthony Barré's works, including but not limited to statements by "Big Freedia" who appeared in "Formation" and publicly identified Anthony Barré's voice and words.

79.

Defendants failed to secure a license to copy and exploit Anthony Barré's "Booking the

Hoes from New Wildings" and "A 27 Piece Huh?".

80.

The conduct of the Defendants constitutes direct, contributory, vicarious and willful infringement of Plaintiffs' copyrights.  All members of the distribution chain are liable for copyright infringement, including the co-writers, producers, and the entities that licensed, distributed, and sold the infringing work "Formation," both as a single music video and as part of Mrs. Carter's album "Lemonade", and the unauthorized use and exploitation of Anthony Barré's works during the "Formation World Tour" performances.

81.

On or about October 13, 2016, counsel for Plaintiffs, the Estate of Anthony Barré and Angel Barre', notified counsel for Mrs. Carter and other Defendants that "Formation" unlawfully copied "Booking the Hoes from New Wildings" and "A 27 Piece Huh?"  To date, Defendants have not entered into a license agreement with Plaintiffs.

82.

Plaintiffs have made continuous efforts to privately resolve this issue without litigation. Plaintiffs wished to resolve this issue amicably, however, despite Plaintiffs' efforts, the infringement continues, there was no resolution of this matter, and Plaintiffs were forced to bring this lawsuit.

83.

The conduct of Defendants has been willful from the inception of the creation of

"Formation" and "Lemonade." In addition, subsequent to receiving notice, Defendants have failed

to cease their exploitation of Anthony Barré's voice, words and performance, and have continued

their knowing, intentional and willful infringing activity.

84.

Defendants have, without authorization, created adaptations and derivative works of

Anthony Barré's voice and words, by Defendants manipulating or altering Anthony Barré's video

and sound recordings by deleting Mr. Barré's video and images and adding other videos, and

having other persons imitate his voice and words.

85.

All Defendants are responsible in some manner for the events described herein and are

liable to Plaintiffs for damages available under the Copyright Act. Defendants named herein are

the writers, performers, producers, record labels, distributors, publishers, and others, who were

involved with the creation, release, reproduction, distribution, exploitation, licensing, and public

performance of the Infringing Works, embodied in all forms of media, including videos, digital

downloads, records, motion pictures and advertisements, all of which constitute, among other

things, the improper preparation of a derivative work and direct, vicarious, and contributory

infringement. As co-infringers, Defendants are jointly and severally liable for all amounts owed.

86.

Each Defendant is a practical partner in the infringing acts with all other Defendants, and

are thus jointly and severally liable for each other's profits. As described throughout this

Complaint, each of the Defendants had an important role in the infringing activity, worked together

to accomplish it or were involved in directing various aspects of many of the coordinated infringing activities, and all had a significant financial interest in the infringing activity.

87.

Defendants' infringing acts were willful, knowing, and malicious and perpetrated without regard to Plaintiffs' rights.

88.

Despite the notice discussed above, Defendants continue to willfully infringe on Anthony Barré's voice, works, performance and sound recordings by reproducing, displaying, transmitting, distributing, exploiting, licensing, and publicly performing "Formation" and "Lemonade." The Infringing Works continue to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on DVD's and albums, and as digital downloads, and in music videos, and in other formats and media, all without payment to Plaintiffs.

## CAUSES OF ACTION

### Direct, Contributory, and Vicarious Copyright Infringement
### by "Formation", "Lemonade" and the "Formation World Tour"

89.

Defendants had access to "Booking the Hoes from New Orleans" and "A 27 Piece Huh?" via You Tube and other sources, as discussed above. Furthermore, Anthony Barré's voice, words and performance in "Formation" are strikingly similar, meaning that access is presumed, and a claimed defense of "independent creation" is precluded as a matter of law.

90.

Defendants' unauthorized reproduction, distribution, public performance, display, and creation of the derivative works, "Formation" and "Lemonade" infringe Plaintiffs' exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

91.

Defendants did not seek or receive permission from Plaintiffs to copy, sample or use any portion of "Booking the Hoes in New Wilding" and "A 27 Piece Huh?" in "Formation", "Lemonade" and the "Formation World Tour." All of the elements of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" copied by Defendants are original to "Booking the Hoes from New Wildings" and "A 27 Piece Huh?"

92.

Defendants' conduct has at all times been knowing, willful, and with complete disregard to Plaintiffs' rights.

93.

As a proximate cause of Defendants' wrongful conduct, Plaintiffs have been irreparably harmed.

94.

"Formation" and "Lemonade" copy quantitatively and qualitatively distinct, important, and recognizable portions of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" This copying satisfies both the intrinsic and extrinsic tests to establish copyright infringement.

95.

From the date of the creation of the infringing composition, sound recording and video recording "Formation," all Defendants have infringed Plaintiffs' copyright interests in "Booking the Hoes from New Wildings" and "A 27 Piece Huh?", including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing "Formation" at radio, live concerts, personal appearances, and on video, television, and otherwise; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing "Formation" and "Lemonade" through various sources; (c) by substantially copying and the related advertising, marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, or sharing in the proceeds therefrom, all through substantial use of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" in and as part of "Formation," packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

96.

Plaintiffs have received no copyright ownership interests in, and for any of the exploitations of "Booking the Hoes from New Wildings" and "A 27 Piece Huh?" or any of the works associated with "Formation" and "Lemonade."

97.

The infringement by Defendants has been, and continues to be, willful and knowing

98.

Defendants have reproduced and/or distributed and continue to manufacture, reproduce and distribute large numbers of copies of "Formation" and "Lemonade," which violate Plaintiffs' copyrights. Defendants have not only marketed and exploited the composition and recordings that are at issue in this lawsuit, but have granted or caused to be granted to various parties, licenses to reproduce or distribute the works that are in violation of Plaintiffs' copyrights, including but not limited to international distribution, transmission, sale and performance of the Infringing Works.

99.

With knowledge of the infringement, Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

100.

Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

101.

The infringement is continuing as the album "Lemonade*",* on which "Formation" with the voice and words of Anthony Barre' is on the DVD, continues to be sold, and the "Formation" music video continues to be sold, licensed for sale, downloads, and other exploitations by Defendants, or their agents.

102.

As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered actual damages including lost profits, lost opportunities, loss of goodwill, and lost publicity.

103.

Pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to damages, including the substantial profits of Defendants, as will be proven at trial, which, upon information and belief, are believed to exceed $20 million ($20,000,000).

104.

Plaintiffs are entitled to Defendants' profits related to foreign sales of copies of "Formation" and the "Lemonade Album" that were manufactured, distributed, or otherwise infringed within the United States.

105.

Plaintiffs are entitled to royalties for mechanical licenses, master recording licenses, synchronization licenses, merchandising and other revenues arising from the sale, copying, downloading, performance and other commercialization of Anthony Barré's works by Defendants.

106.

In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to the maximum amount of statutory damages for each act of willful copyright infringement.

107.

Plaintiffs are further entitled to a running royalty on all future exploitations of "Formation" and "Lemonade" embodying "Booking the Hoes from New Wildings" and "A 27 Piece Huh?".

108.

Plaintiffs are entitled to costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

109.

Plaintiffs are entitled to declaratory and injunctive relief, ordering Defendants to credit Anthony Barré as a writer, composer, producer and performer for all future reproduction, distribution, sale, public performance, or other use or exploitation of "Formation" and "Lemonade," that include Anthony Barré's intellectual property, or, in the alternative, a continuing royalty following judgment in an amount to be determined.

## Count Two

## Violation of the Lanham Act and False Endorsement

110.

Plaintiffs assert, in the alternative, that Defendants have violated the Lanham Act's prohibitions on false endorsements and unfair trade practices, per 15 U.S.C. Section 1125(a).

111.

Defendants have deceived consumers by their unauthorized use of Anthony Barré's actual voice, words and performance in "Formation", "Lemonade" and the "Formation World Tour."

112.

Defendants' unauthorized use of Anthony Barré's actual, distinctive voice, words and performance in "Formation" and "Lemonade" and the "Formation World Tour" without credit and without compensation is unethical, misleading, false, unfair and deceptive, in violation of the Lanham Act's prohibition of unfair competition and unfair trade practices.

113.

Defendants' unauthorized use of Anthony Barré's actual voice, words and performance in "Formation" and "Lemonade" is likely to result in consumers concluding that Anthony Barré's estate granted permission and approved of the copying from "Booking the Hoes from New Wildings" and "A 27 Piece, Huh?", and endorsed Defendants' works and performance.

114.

Defendants' use of Anthony Barré's voice, words and performance saying "Oh yeah baby, I like that" to endorse Mrs. Carter and the other performers during the "Formation Tour" introductory performance of "Formation" is particularly egregious, since he died in 2010, more than five years before Mrs. Carter's tour.

115.

Defendants' unauthorized use of Anthony Barré's actual voice and words in "Formation" and "Lemonade" will result in consumer confusion as to Mr. Barré and his estate's involvement and contribution to "Formation" and "Lemonade."

116.

Defendants' continuing failure to acknowledge Mr. Barré's contributions, despite the many media reports that his actual voice, words and performance were used by Defendants have been deceptive and have caused further consumer confusion and given the impression that Mr. Barré's estate authorized and endorsed "Formation", "Lemonade" and the "Formation World Tour."

117.

Defendants' unauthorized use of Mr. Barré's actual voice and words and failure to acknowledge Mr. Barré's contribution have influenced purchasing decisions, particularly by consumers of so-called "Bounce Music" and fans of Mr. Barré.

119.

Defendants have received the benefit of Mr. Barré's reputation and credibility with consumers of "Bounce Music", and increased sales and profits, due to Defendants' unauthorized use of Anthony Barré's actual voice and words in "Formation," the "Lemonade" album and the "Formation World Tour."

120.

Plaintiffs is entitled to damages, pursuant to Section 43 of the Lanham Act, 15 U.S.C. Section 1125, for the unauthorized use of Mr. Barré's actual voice and words, in an amount to be determined at trial.

121.

Plaintiffs are entitled to recovery of: 1) the defendant's profits; 2) any damages sustained by the plaintiffs; 3) enhanced damages, in the court's discretion, up to treble damages for willful

conduct; 4) the costs of the action; and 5) attorneys' fees, under the Lanham Act.

## Count Three

## <u>Unfair Trade Practices</u>

### 122.

Plaintiffs assert, in the alternative, that Defendants have committed unfair trade practices in violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, et seq., by digitally sampling, using and exploiting Anthony Barré's actual voice, reputation and personality, and converting Plaintiffs' intellectual property to their benefit.

### 123.

By using and exploiting Anthony Barré's actual voice, words and performance in "Formation," "Lemonade" and the "Formation World Tour" without permission and without compensation, Defendants have gone beyond copyright infringement and have acted unethically, wrongfully and fraudulently, have made misrepresentations, and have profited from the unique speaking style, gravelly voice, tone, phrasing and manner that defined Mr. Barré.

### 124.

Defendants altered Mr. Barré's works by only using his voice and words, without including the video imagery that accompanied his voice and words, removing his voice and words from the context, surroundings, meaning and message that he created, and by adding music to his voice and words, all without permission from Plaintiffs or consultation with Plaintiffs.

### 125.

Plaintiffs, the Estate of Anthony Barré and Angel Barré, are business competitors of Defendants.

126.

Plaintiffs are entitled to compensation for Defendants' unfair trade practices, pursuant to Louisiana Revised Statutes, La. R.S. 51:1409.

127.

Plaintiffs are also entitled to attorneys' fees, costs, and treble damages, under La. R.S. 51:1409.

**Count Four**

**<u>Unjust Enrichment</u>**

128.

Plaintiffs assert, in the alternative, that Defendants have been unjustly enriched by their unauthorized use of Anthony Barré's actual voice.

129.

Louisiana Civil Code article 2298 provides, in relevant part, that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person."

130.

Defendants never contracted with plaintiffs to use Anthony Barré's actual voice and words.

131.

Defendants have received millions of dollars of royalties, record sales, download sales, Internet fees, tour income, licensing fees, and merchandising revenues due to their unauthorized use of Anthony Barré's voice in the "Formation" recordings, the "Lemonade Album" video recording, live performances, and other use of Mr. Barré's voice, as described above.

132.

Defendants' unauthorized use of Anthony Barré's voice, has impoverished plaintiffs due to consumers' perception that Anthony Barré or his estate consented to Defendants' use of his voice, which has impaired Mr. Barré's reputation and credibility as an independent artist who worked alone and did not endorse popular singers, such as Mrs. Carter.

133.

The public perception that Anthony Barré's Estate consented to use of his works by Defendants has reduced the market for Mr. Barré's works.

134.

To the extent that plaintiffs cannot obtain compensation for the unauthorized use of Anthony Barré's voice under the Copyright Act, the Lanham Act, the Louisiana Unfair Trade Practices Act or other laws, plaintiffs are entitled to compensation pursuant to the subsidiary remedy for enrichment without cause provided by Louisiana Civil Code article 2298, in an amount to be proven at trial.

**<u>DEMAND FOR JURY TRIAL</u>**

135.

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiffs respectfully demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Estate of Anthony Barré, and its sole heir, Angel Barré, pray for judgment against Defendants, Beyoncé Knowles Carter, et al, and for the following relief, in the alternative:

A.  A declaration that Defendants have willfully infringed Plaintiffs' copyrighted works in violation of the Copyright Act;

B.  A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement, as applicable;

C.  Declaratory and injunctive relief, ordering Defendants to credit Anthony Barré as a writer, composer, producer and artist for "Formation" for all future reproduction, sale, performance, licensing, distribution and exploitation, of works containing his voice and words.

D.  Royalties to be paid on all future exploitations of "Booking the Hoes in New Wilding" and "A 27 Piece Huh?" in "Formation", "Lemonade" or other works embodying Anthony Barré's Infringed Works, pursuant to an injunction or declaration commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

E.  An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of Defendants as will be proven at trial, which, on information and belief, are believed to exceed $20 million ($20,000,000), including a finding that

Defendants are "practical partners" of each other and jointly and severally liable for the profits of each other, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) for each act of willful infringement;

F.      An award of damages and enhanced damages for false endorsement, pursuant to 15 U.S.C. Section 1125(a);

G.      An award of damages for unfair competition and unfair trade practices, pursuant to 15 U.S.C. Section 1125.

G.      An award of damages and treble damages for defendants' unfair trade practices, per Louisiana Revised Statutes, La. R.S. 51:1409;

H.      An award of damages for unjust enrichment, per Louisiana Civil Code article 2298;

I.      An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505, 15 U.S.C. 1125(a), La. R.S. 51:1409, and under other applicable law;

J.      For pre-judgment and post-judgment interest according to law, as applicable; and

K.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

February 7, 2017

 /s/ John K. Etter / 
Roy J. Rodney, Jr., T.A. (La. Bar No. 2079)
John K. Etter (La. Bar No. 25042)
Rodney & Etter, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130
Telephone: 504-483-3224
Facsimile: 504-483-2259
E-Mail: rjr@rodneylaw.com
E-Mail: jke@rodneylaw.com

<u>Certificate of Service</u>

Undersigned counsel for plaintiffs hereby certifies that all defendants and defendants' counsels have been served with the foregoing First Amended Complaint via U.S. Mail, postage prepaid, e-mail transmission or facsimile transmission.

New Orleans, Louisiana, this 7th day of February, 2017.

_     /s/ John K. Etter /_____

John K. Etter