# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE ESTATE OF ANTHONY BARRÉ** | * | **CIVIL ACTION NO. 17:1057** |
| **AND HIS SOLE HEIR, ANGEL BARRÉ** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | **NANNETTE JOLIVETTE BROWN** |
| | * | |
| **BEYONCÉ KNOWLES CARTER**, *et al*. | * | **MAGISTRATE JUDGE:** |
| | * | **MICHAEL NORTH** |
| * * * * * * * * * * * * * | | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Defendants Beyoncé Knowles Carter, Parkwood Entertainment, LLC, Sony Music Entertainment, Michael L. Williams III, Khalif Brown, Asheton Hogan, Eardrummers Entertainment, LLC, Eardrummers Music Publishing, LLC, Oakland 13 Music, Warner-Tamerlane Publishing Corp. (erroneously sued as Warner-Tammerlane Corporation), WB Music Corporation, Pretty Bird Pictures, Inc. ("Pretty Bird") and Melina Matsoukas (collectively "Defendants"), submit this memorandum in support of their motion to strike from the First Amended Complaint ("FAC") Plaintiffs' requests for statutory damages and attorneys' fees under the Copyright Act and treble damages under the Louisiana Unfair Trade Practices Act ("LUTPA").

## INTRODUCTION

As explained in Defendants' motion to dismiss, all causes of action asserted by Plaintiffs the Estate of Anthony Barré and Angel Barré (collectively, "Plaintiffs") should be dismissed as a matter of law. In the alternative, Defendants request that the Court strike Plaintiffs' requests for statutory damages, attorneys' fees, and treble damages, all of which are unavailable to Plaintiffs as a matter of law.

First, the statutory damages and attorneys' fees requested under the Copyright Act must be stricken because the works at issue – originally published in 2010 – were not registered before the alleged infringement.  The Copyright Act plainly states that "no award of statutory damages or attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration."  17 U.S.C. § 412.  The FAC alleges that the purported infringement took place before February 6, 2016, while the works at issue were not registered until April 25, 2016.[1]  Statutory damages and attorneys' fees are, therefore, unavailable as a matter of law.

Second, the treble damages requested under LUTPA must also be stricken because Plaintiffs failed to allege that they provided notice to the state attorney general and that the state attorney general ordered Defendants to cease any allegedly unfair competition, both of which are required to obtain treble damages under the statute.  *See* La. R.S. 51:1409(A).  As a result, treble damages are also unavailable as a matter of law.

## BACKGROUND

Plaintiffs allege that they own copyright and trademark rights in two YouTube videos featuring Anthony Barré – also known as Messy Mya – titled "Booking the Hoes from New Wildin" and "A 27 Piece Huh?" (the "YouTube Videos").  Mr. Barré published both of these works on YouTube in 2010, but died later that year without registering the copyrights in either work with the U.S. Copyright Office.[2]

---

[1] *See* FAC at ¶¶ 49 and 46.
[2] *See* FAC at ¶ 2. The YouTube Videos are attached as Exhibits 3 and 4 to Defendants' Motion to Dismiss.

In 2016, the musical artist Beyoncé released her album "Lemonade," which included the single "Formation" (the "Song").[3]  Pretty Bird produced the Song's music video (the "Music Video"), which Plaintiffs allege was published prior to February 6, 2016.[4]  Plaintiffs obtained copyright registrations for the YouTube Videos on April 25, 2016.[5]

The FAC alleges that Defendants committed copyright infringement and requests statutory damages and attorneys' fees.[6]  The FAC also alleges that Defendants violated LUTPA and requests treble damages under that statute.[7]

**ARGUMENT**

1.     **Plaintiffs Are Not Entitled To Attorneys' Fees Or Statutory Damages Under the Copyright Act.**

The Copyright Act provides that "no award of statutory damages or attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  As the Fifth Circuit has explained, "[d]enying an award of the special or 'extraordinary' remedies of statutory damages or attorney's fees where infringement commenced after publication and before registration encourages early registration of copyrights."  *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992).  Indeed, district courts in the Fifth Circuit routinely refuse to grant statutory fees or attorneys' fees under the Copyright Act where plaintiffs do not register their work prior to

---

[3] The Song is attached as Exhibit 1 to Defendants' Motion to Dismiss.
[4] *See* FAC at ¶ 49.  The Music Video is attached as Exhibit 2 to Defendants' Motion to Dismiss.
[5] *See* FAC at ¶ 46.
[6] *See* FAC at ¶¶ 106 and 108.
[7] *See* FAC at ¶ 127.

the alleged infringement.  *See, e.g.*, *Aillet, Fenner, Jolly & McClelland, Inc. v. U. L. Coleman Co.*, 2011 WL 777930 at *3 (W.D. La. 1/31/11) (plaintiff not entitled to statutory damages or attorneys' fees where alleged infringement predated registration); *Ghirmay v. Tsegia*, 2009 WL 2488185 at *4 (E.D. La. 8/10/09) (noting that "the Court is stripped of its discretion to award statutory damages and attorney's fees when the copyright has not been preregistered").

Here, the requests for attorneys' fees and statutory damages under the Copyright Act must be stricken under this unambiguous legal principle.[8]  The FAC expressly alleges that the alleged infringement took place in February 2016, more than five years after Mr. Barré published the YouTube Videos.[9]  Plaintiffs allege that they obtained copyright registrations in the YouTube Videos on April 25, 2016, several months after the alleged infringements.[10]  As a result, Plaintiffs are not entitled to statutory damages or attorneys' fees regardless of the merits of their copyright claim, and the requests should be stricken.[11]

**2.      Plaintiffs Are Not Entitled To Treble Damages Under LUTPA.**

LUTPA provides that if "the court finds the unfair or deceptive method, act, or practice was knowingly used, *after being put on notice by the attorney general*, the court shall award three times the actual damages sustained."  La. R.S. § 51:1409 (emphasis added).  "The text of the statute is clear, and courts have agreed, that in order for a defendant to be held liable for

---

[8] *See* FAC at ¶¶ 106 and 108.
[9] *See* FAC at ¶¶ 49, 51-52.
[10] *See* FAC at ¶ 46.  Plaintiffs attached the copyright registrations to their original complaint. *See* Complaint, Exhibits A and B.  The registrations expressly state that the YouTube Videos were published in 2010.
[11] *See Thalheim, Jr. v. Allstate Ins. Co.*, 2003 WL 193453 at *2 (E.D. La. 1/27/03) (striking legally invalid request for "statutory penalties and attorney's fees"); *N. California River Watch v. Fluor Corp.*, 2014 WL 4954638 at *4 (N.D. Cal. 10/2/14) (striking request for attorney's fees).

treble damages, the alleged unfair trade practice must have continued after the defendant received notice from … the attorney general." *Landrieu Const., Inc. v. DRC Emergency Servs., LLC*, 2010 WL 1817768 at *4 (E.D. La. 4/30/10).  As a result, courts routinely reject claims for treble damages in the absence of allegations that the plaintiffs notified the attorney general or that defendants received notice from the attorney general.  *See, e.g.*, *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F.Supp.3d 537, 573 (E.D. La. 2015) (finding that plaintiff "failed to state a claim for treble damages" in the absence of allegations that it put the attorney general on notice); *Conry v. Ocwen Fin. Corp.*, 2012 WL 5384681 at *3 (E.D. La. 11/1/12) (same).

Here, the requests for treble damages under LUTPA must be stricken under the terms of the statute.[12]  Plaintiffs have not alleged that they notified the Louisiana Attorney General of Defendants' alleged unfair practice, that the Attorney General knew about it, or that the Attorney General notified any Defendants of an alleged unfair practice.  Because Plaintiffs thus are not entitled to treble damages under LUTPA, that demand should be stricken.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court strike Plaintiffs' demands for statutory damages and attorneys' fees under the Copyright Act and for treble damages under LUTPA.

---

[12] *See* FAC at ¶ 127.

Respectfully submitted,

**PHELPS DUNBAR LLP**

/s/ Mary Ellen Roy
Mary Ellen Roy, T.A. (La. Bar #14388)
Dan Zimmerman (La. Bar #2202)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
roym@phelps.com
dan.zimmerman@phelps.com

Alonzo Wickers IV
(*pro hac vice* application pending)
Nicolas A. Jampol
(*pro hac vice* application pending)
**DAVIS WRIGHT TREMAINE LLP**
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6800
Telecopier: (213) 633-6899
alonzowickers@dwt.com
nicolasjampol@dwt.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 14th day of April, 2017 electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Mary Ellen Roy

PD.21330976.1