UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF<br>ANTHONY BARRE<br>AND ITS SOLE HEIR,<br>ANGEL BARRE<br>PLAINTIFFS | CASE NO.: 2017-c-1057 |
| VERSUS | **Judge Nannette Jolivette Brown** |
| BEYONCE' KNOWLES CARTER, ET AL<br>DEFENDANTS | **Magistrate Judge Michael North** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE**

MAY IT PLEASE THE COURT:

Plaintiffs, the Estate of Anthony Barre and his sole heir, Angel Barre, hereby oppose the Motion to Strike filed by Beyonce Knowles Carter, Parkwood Entertainment, LLC, Sony Music Entertainment, Michael L. Williams, III, Khalif Brown, Ashton Hogan, Eardrummers Entertainment, LLC, Eardrummers Music Publishing, LLC, Warner-Tamerlane Corporation (collectively "Defendants").

**I.   Motions to strike under Rule 12(f) are disfavored and are rarely granted in the absence of prejudice to the moving party, especially where there are disputed issues of fact or law.**

Defendants would have this Court dismiss certain categories of damages, before Defendants have even answered and without the benefit of discovery. Allegations should only be stricken if "the allegations have no possible relevance to the controversy and may cause prejudice to one of

1

the parties." *Boyd's Bit Serv. v. Specialty Rental Tools & Supply, Inc.,* 332 F. Supp. 2d 938, 944 (W.D. La. 2004).

Plaintiffs have the right to control and receive compensatory damages for the unauthorized use of Anthony Barre's voice and words, before and after the copyrights were registered on April 25, 2016. Plaintiffs' rights under the Copyright Act arose without registration when Anthony Barre "fixed" his voice and words, by recording and posting on YouTube in August and September, 2010, per 17 USC 102. The transfer of his copyrights to his Estate and to his sole heir Angel Barre occurred, as a matter of law, upon his death intestate, per Civil Code articles 880 and 892.Plaintiffs have standing to pursue damages under the Copyright Act in this Court, because they registering the copyrights before filing this lawsuit, as required by 17 USC Section 411. Plaintiffs are entitled to defendants' profits from all infringing sales and performances of Anthony Barre's voice and words, both before and after the copyrights were registered. See 17 USC Section 504(b).[1] It is long-established that "17 USC section is not a prohibition against the award of actual damages. Actual damages are proper for acts of infringement occurring before or after the effective date of the registration." *Gerig v. Krause Publs., Inc*., 58 F. Supp. 2d 1261, 1269 (D. Kan. July 15, 1999).

Defendants have not explained how they will be prejudiced, if the by the attorneys' fees, statutory damages and treble damages allegations remain in the pleadings. Discovery will still have occur concerning the timing and willfulness of Defendants' unauthorized use of Anthony

---

[1] "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 USCS § 504.

Barre's voice and words, even if the motion to strike were to be granted, because those facts are relevant to plaintiffs' Lanham Act and Louisiana law claims. And, plaintiffs' attorneys' fees would continue to be at issue for the Lanham Act and Louisiana Unfair Trade Practices claims. The only prejudice from granting Defendants' motion to strike, would be prematurely dismissing certain of plaintiffs' damage claims that could come to fruition after discovery.

Judge Fallon denied defendants' motion to strike the plaintiffs' tort claims for economic damages in the consolidated high sulfur drywall litigation, because there were disputed factual and legal issues that could enable certain plaintiffs to recover such damages. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 680 F. Supp. 2d 780 (E.D. La. Jan. 13, 2010). Striking the Estate of Angel Barre and Angel Barre's claims for attorneys' fees, statutory damages and treble damages claims via a Rule 12(f) motion to strike would be improper, since plaintiffs may be able to recover such damages for some of their claims, depending on the results of discovery.

## II. Discovery is necessary to determine if plaintiffs may recover attorneys' fees and statutory damages under the Copyright Act

Defendants are correct that the copyright registrations were not obtained until April 25, 2016, and that plaintiffs may not recover attorneys' fees and statutory damages under the Copyright Act for infringements that commenced before April 25, 2016, per 17 USC 412.[2]

---

[2] "[N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for-- (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 USCS § 412.

Determining whether plaintiffs may recover attorneys' fees or statutory damages under the Copyright Act for the "Formation World Tour" performances cannot be decided on the pleadings because it requires factual and legal determinations as to whether the live performances were separate acts of infringement that commenced after April 25, 2016. In copyright case involving unauthorized use of photographs as various times, the Court denied summary judgment on Copyright statutory damages and attorneys' fees, because discovery had not been completed. *See Blair v. World Tropics Prods.*, 502 F. Supp. 2d 828, 835-836 (W.D. Ark. Apr. 19, 2007) ("In order to resolve the availability of damages under [Section 412] of the Copyright Act, it will be necessary to determine when each individual Image was first published; when its copyright registration was effective; and when any infringement of that particular Image began."). Defendants have admitted that Anthony Barre's voice was used in many, if not all, "Formation World Tour" performances, saying "Oh Yeah Baby, I like that." The first "Formation World Tour" performance was on April 27, 2016, after the copyrights were registered. The final performance was on October 7, 2016. As in *Qualey v. Caring Ctr.*, 1995 U.S. Dist. LEXIS 19525 (E.D. La. Dec. 30, 1995), deciding whether the Formation World Tour performances were new infringements that commenced after the copyrights were registered, should occur after plaintiffs have been given a reasonable opportunity for discovery on the issue.

Defendants' reliance on *Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. Tex. July 28, 1992), for the proposition that plaintiffs are not entitled to statutory damages because all of the defendant's exploitations of Anthony Barre's works were a continuing series of infringements is misplaced. In *Mason*, the Court concluded that "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the **same defendant** commenced an infringement of the same work prior to registration." *Mason v.*

4

*Montgomery Data*, 967 F.2d at 144 (emphasis added). In *Xpel Techs. Corp. v. Am. Filter Film Distribs.*, 2008 U.S. Dist. LEXIS 60893 (W.D. Tex. Aug. 11, 2008), the Court distinguished *Mason v. Montgomery Data* because the defendants had not conceded that the post-registration copyright infringements were committed by same the defendants who infringed before registration. Judge Rodriguez opined that "if Defendant A violated work A pre-registration, but then Defendant B violated it post-registration, the *Montgomery Data* holding would not directly apply. Or alternatively, if Defendant A violated work A post-registration, but not pre-registration, Montgomery Data would not control." *Id.*, 2008 U.S. Dist. LEXIS 60893, *27.

Defendants assert that Parkwood Entertainment, Michael Williams, Khalif Brown, Asheton Hogan, WB Music, Warner-Tamerlane Publishing Corp., Eardrummers Music Publishing and Oakland 13 Music did not have any involvement in the Music Video or Live Performances. See Defendants' Memorandum in Support of Motion to Dismiss, pp. 24 – 25. Plaintiffs contest that assertion, because the "Lemonade" two-disk box set, which contains Anthony Barre's voice and words on the video DVD, is marked "© 2016 Parkwood Entertainment, LLC." Exhibit 1 back cover. Michael Williams, Khalif Brown, Ashton Hogan (also known as Pluss) and Eardrummers Entertainment, LLC are listed in the credits for "Formation" included with the "Lemonade" DVD in the box set. Exhibit 1.

As in *Xpel Techs. Corp. v. Am. Filter Film Distribs.*, 2008 U.S. Dist. LEXIS 60893, *28 (W.D. Tex. Aug. 11, 2008), "the factual record has yet to develop to a point where the Court can determine whether 1) there were pre-registration infringements, and 2) if there were, how they relate to any post-registration infringements." Accordingly, Defendants' Motion to Strike plaintiffs' request for statutory damages and attorneys' fees under the Copyright Act should be denied.

5

### III. Plaintiffs have the right to pursue attorneys' fees and treble damages under the Lanham Act

This Court should not and may not strike all of plaintiffs' claims for attorneys' fees and treble damages, because plaintiffs may recover attorneys' fees and up to treble damages under the Lanham Act, 15 USC 1117 and 1125. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. Cal. Aug. 5, 1992). Frito-Lay had an actor imitate singer Tom Waits' distinctive voice in a Dorito's commercial. The trial court and the appellate court ruled that Tom Waits was entitled to compensatory damages for misappropriation of his voice, the fair market value of his services, injury to his peace, happiness and feelings, harm to his artistic reputation and injury to his goodwill and professional standing, under the Lanham Act and state law claims. The Ninth Circuit affirmed the jury's $2,000,000 punitive damages award, and the trial court's attorney's fee award. *See Waits,* 978 F.2d at 1111. Attorneys' fees under the Lanham Act for false endorsement and deceptive conduct, are not limited to conduct that occurs after the date of copyright registration, because the Lanham Act provides a separate cause of action from copyright. Defendants' unauthorized commercial exploitation and use of Anthony Barre's voice and words is deceptive and willful conduct that can support an award of attorneys' fees for false endorsement, as occurred in *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. Nev. Feb. 20, 2015), where defendants used Bob Marley's image on t-shirts and other merchandise without permission from his estate.

### IV. Attorneys' fees are mandated for successful plaintiffs under the Louisiana Unfair Trade Practices Act

The Louisiana Unfair Trade Practices Act ("LUTPA", La. R.S. 51:1409, enables plaintiffs to recover compensatory and general damages, when they are the victims of "egregious actions involving elements of fraud, misrepresentations, deceptions, or other unethical conduct."

*Volentine v. Raeford Farms of Louisiana, LLC*, 201 So.3d 325, 352 (La. App. 2 Cir. 2016). "A LUTPA violation results in an award for attorney fees." *Id.* See also *Namer v. GS Levine Ins. Servs.*, 2016 U.S. Dist. LEXIS 22423 (E.D. La. Feb. 23, 2016) (holding that plaintiff had sufficiently alleged a claim for attorneys' fees under LUTPA).

V. **Plaintiffs have cured any impediment to recovering treble damages under the Louisiana Unfair Trade Practices Act, for defendants' continuing deceptive acts, by sending notice to the Louisiana Attorney General**

On May 18, 2017, undersigned counsel sent notice to the Louisiana Attorney General's Office of the filing of this lawsuit, with a copy of the First Amended Complaint, via fax, e-mail and U.S. Postal Service Express Mail, and requested that the Attorney General issue notice to the defendants that they have engaged and are continuing to engage in unfair and deceptive trade practices.

Treble damages are available under LUTPA, La. R.S. 51:1409, if the defendants continue their unfair practices after receiving notice from the Louisiana Attorney General's office. To facilitate that notice, plaintiffs are directed to mail a copy of the Complaint to the Louisiana Attorney General "upon commencement of any action brought under" LUTPA. La. R.S. 51:1409. B. The notice from the Attorney General's Office "serves the specific purpose of a "cease and desist" notice to the defendants that they may be subject civilly to a treble damage claim." *B&G Crane Serv., L.L.C. v. Duvic*, 935 So. 2d 164, 170 (La. App. 1 Cir. May 5, 2006). LUTPA also provides that "failure to conform with this Subsection shall not affect any of plaintiff's rights under this Section." *Id.*

LUTPA and the jurisprudence do not specify a deadline for sending notice to the Attorney General's Office. In *Hadassa Inv. Sec. Nig., Ltd. v. Swiftships Shipbuilders, LLC*, 2016 U.S. Dist. LEXIS 3919 (W.D. La. Jan. 11, 2016), the Judge Haik awarded treble damages under LUTPA

where unfair trade practices continued after the Attorney General issued notice, even though the Attorney General was notified seventeen months after the lawsuit was filed.  See also *McFadden v. Imp. One, Inc.*, 56 So. 3d 1212 (La. App. 3 Cir. 2011) (affirmed the treble damage award, where notice was sent to the Attorney General's Office after the lawsuit was filed and the Attorney General notified the defendant three months later).

Plaintiffs' delay in notifying the Attorney General is not grounds for striking LUTPA treble damages claims.  Judge Lemelle was recently presented this issue and ruled that "this fact would go to the question of damages, not whether or not defendants' claim should be dismissed altogether." *Max Access, Inc. v. Gee Cee Co. of LA*, 2016 U.S. Dist. LEXIS 14166, *18 (E.D. La. Feb. 5, 2016).   The amount of any treble damages under LUPTA for continuing unfair practices can and should be determined after discovery is completed, as occurred in *Landrieu Constr., Inc. v. DRC Emergency Servs.*, LLC, 2010 U.S. Dist. LEXIS 42672 (E.D. La. Apr. 29, 2010).   Since plaintiffs have sent notice to the Louisiana Attorney General, their LUPTA treble damages claims should not be stricken.

**WHEREFORE,** Plaintiffs, the Estate of Anthony Barre and Angel Barre, pray that this Court deny Defendants' Motion to Strike.

Respectfully submitted,

***/s/ John K. Etter /***

_____
Roy J. Rodney, Jr. (La. Bar No. 2079)
John K. Etter (La. Bar No. 25042)
Rodney & Etter, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130
Telephone: 504-483-3224
Facsimile: 504-483-2259

E-Mail: rjr@rodneylaw.com
E-Mail: jke@rodneylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically using the CM/ECF system. Notice of this filing will be sent to all counsel of record through the Court's CM/ECF system.

New Orleans, Louisiana, this 19th day of May, 2017.

                   ____/John K. Etter/_____
                     John K. Etter