**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE ESTATE OF ANTHONY BARRÉ AND HIS SOLE HEIR, ANGEL BARRÉ** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-1057** |
| **BEYONCÉ KNOWLES CARTER, et al.** | **SECTION: "G" (5)** |

## ORDER

In this litigation, the Estate of Anthony Barré and Angel Barré (collectively, "Plaintiffs"), allege that the writers, performers, producers, record labels, distributors, and publishers who produced the song "Formation," the album "Lemonade," and the "Formation World Tour" used the actual voice and copyrighted works of Anthony Barré without authorization or compensation.[1] Pending before the Court is Defendants Beyoncé Knowles Carter ("Carter"), Parkwood Entertainment, LLC, Sony Music Entertainment, Michael L. Williams III, Khalif Brown, Asheton Hogan, Eardrummers Entertainment, LLC, Eardrummers Music Publishing, LLC, Oakland 13 Music, Warner-Tamerlane Corporation, Warner-Tamerlane Publishing Corp., Pretty Bird Pictures, Inc., Melina Matsoukas, and Aspiro AB's (collectively, "Defendants") "Motion to Strike."[2] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will deny Defendants' motion to strike.

---

[1] Rec. Doc. 2 at 1–2.

[2] Rec. Doc. 51.

1

## I. Background

### A.    *Factual Background*

In this litigation, Plaintiffs allege that they own a protectable copyright interest in two YouTube videos created by Anthony Barré, also known as "Messy Mya:" (1) "Booking the Hoes from New Wildings;" and (2) "A 27 Piece Huh?"[3] According to Plaintiffs, Anthony Barré was a well-known performance comedian and music artist in New Orleans who published more than a hundred videos of his performances, receiving over two million views on YouTube.[4] Plaintiffs further allege that Anthony Barré produced or was featured in numerous songs with other famous local artists, such as Freddie Ross ("Big Freedia") and Magnolia Shorty.[5] Plaintiffs argue that Anthony Barré's voice was a unique instrument and inextricably linked to his performance art.[6]

Plaintiffs aver that Anthony Barré created "Booking the Hoes from New Wildings" in New Orleans on August 19, 2010, and published the work on YouTube the same day.[7] Plaintiffs point out that that the video includes Anthony Barré saying, "What happened at the New Orleans," which Plaintiffs allege was misappropriated and infringed by Defendants.[8] Plaintiffs also state that Anthony Barré created "A 27 Piece Huh?" in New Orleans on September 3, 2010, and published that work the same day.[9] According to Plaintiffs, that video features Anthony Barré saying, "Oh

---

[3] Rec. Doc. 2 at 3, 12.

[4] *Id.* at 12.

[5] *Id.*

[6] *Id.* at 13.

[7] *Id.*

[8] *Id.*

[9] *Id.*

yeah baby. I like that" and "Bitch I'm back by popular demand," which Plaintiffs allege was misappropriated and infringed by Defendants as well.[10]

Plaintiffs aver that Anthony Barré was murdered on November 10, 2010.[11] Plaintiffs contend that Angel Barré, Anthony Barré's sister and sole heir, was appointed as the Independent Administrator of the Estate of Anthony Barré.[12] Plaintiffs assert that on April 25, 2016, Plaintiffs applied for and received copyright registrations for both YouTube videos as "works of performance art."[13]

Plaintiffs assert that Defendants released the single song "Formation" on February 6, 2016, in which the voice of Anthony Barré is featured saying three phrases from Anthony Barré's works, *i.e.* "What happened at the New Orleans," "Bitch I'm back, by popular demand," and "Oh yeah baby. I like that."[14] Plaintiffs further state that "Formation" was included on the album "Lemonade," which was released on April 23, 2016.[15] Plaintiffs also argue that Anthony Barré's voice, performance, and words were used and exploited by Defendants during the "Formation World Tour."[16] For example, Plaintiffs allege that Anthony Barré's voice is heard saying, "Oh yeah baby, I like that" during the introductory performance of "Formation," and that Defendants

---

[10] *Id.* at 13–14, 18.

[11] *Id.* at 13.

[12] *Id.* at 14.

[13] *Id.*

[14] *Id.* at 15, 19.

[15] *Id.* at 16–17.

[16] *Id.* at 18.

utilized other performers, such as Big Freedia, to imitate Anthony Barré's voice and cadence in saying, "Bitch I'm Back by Popular Demand" before Carter appeared onstage.[17]

Plaintiffs point out that "Formation" was initially released exclusively via the "Tidal" music distribution service, which allegedly resulted in Defendants receiving more than a million new subscribers paying $12.99 per month.[18] Plaintiffs also allege that Defendants sold more than 543,000 copies of "Formation" in the United States, and that some or all of those sales included Plaintiffs' intellectual property.[19] Moreover, Plaintiffs contend that Defendants' "Formation World Tour," during which the infringing works were allegedly performed, resulted in sales of more than two million tickets and revenues of more than $250 million.[20] Additionally, Plaintiffs argue that Anthony Barré's voice, words, and performance from "A 27 Piece Huh?" were used and exploited during the "Formation World Tour" to provide a false and unauthorized endorsement of Carter and the "Formation World Tour."[21]

Plaintiffs argue that Anthony Barré's voice set the tone, mood, setting, and location for "Formation."[22] However, Plaintiffs aver that Defendants failed to secure any license or offer compensation to copy and exploit Anthony Barré's two works.[23] Plaintiffs further contend that Anthony Barré's voice, words, and performance were used and exploited by Defendants to provide

---

[17] *Id.*

[18] *Id.* at 16–17.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 18.

[22] *Id.* at 19.

[23] *Id.* at 21–22.

a false and unauthorized endorsement of "Formation" and the "Formation World Tour" that created consumer confusion as to Anthony Barré's and Plaintiffs' involvement with Defendants' works.[24]  According to Plaintiffs, Defendants are liable for $20 million in damages for copyright infringement under the Copyright Act, false endorsements under the Lanham Act, violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), and unjust enrichment under Louisiana law.[25]

## B.    *Procedural History*

Plaintiffs filed a complaint in this Court on February 6, 2017.[26] On February 7, 2017, Plaintiffs filed an amended complaint.[27] On March 10, 2017, and March 31, 2017, the Court granted Defendants' motions for extensions of time to answer Plaintiffs' complaint.[28] On April 14, 2017, Defendants filed the instant motion to strike.[29] On April 28, 2017, the Court granted Plaintiffs' motion to continue the submission date on the instant motion, and set the motion for submission on June 7, 2017.[30] On May 19, 2017, Plaintiffs filed an opposition.[31] On June 5, 2017, with leave of Court, Defendants filed a reply.[32] On June 29, 2017, with leave of Court, Plaintiffs

---

[24] *Id.* at 18.

[25] *Id.* at 29, 32–33.

[26] Rec. Doc. 1.

[27] Rec. Doc. 2.

[28] Rec. Docs. 42, 43, 46.

[29] Rec. Doc. 51. The motion was originally filed by Defendants Beyoncé Knowles Carter, Parkwood Entertainment, Sony Music Entertainment, Michael L. Williams III, Khalif Brown, Asheton Hogan, Eardrummers Entertainment, Eardrummers Music Publishing, Oakland 13 Music, Warner-Tamerlane Publishing Corp., WB Music Corporation, Pretty Bird Pictures, and Melina Matsoukas. *See* Rec. Doc. 50-1. On April 20, 2017, the Court granted Defendant Aspiro AB's motion to join in the instant motion. Rec. Doc. 68.

[30] Rec. Doc. 71.

[31] Rec. Doc. 73.

[32] Rec. Docs. 85.

filed a "Notice of Louisiana Attorney General Issuing Louisiana Unfair Trade Practices Act Notice to Defendants."[33] On July 5, 2017, Defendants filed a response to Plaintiffs' Notice.[34]

On May 30, 2017, the Court granted Plaintiffs' request for oral argument on Defendants' motion to dismiss and the instant motion to strike, and set the motions for oral argument on June 7, 2017, at 10:00 a.m.[35] On June 6, 2017, Defendants filed a motion to continue oral argument to June 21, 2017.[36] However, because the Court determined it had sufficient information to decide the motions without oral argument, and because the parties' proposed date of June 21, 2017, conflicted with a jury trial that was expected to move forward, the Court cancelled oral argument in lieu of continuing it.[37]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion to Strike*

In this motion, Defendants argue that, if the Court does not grant their motion to dismiss in full, Plaintiffs' request for statutory damages and attorneys' fees under the Copyright Act and treble damages under LUTPA should be stricken.[38] According to Defendants, the Copyright Act provides that "no award of statutory damages or attorney's fee . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first

---

[33] Rec. Doc. 93.

[34] Rec. Doc. 103.

[35] Rec. Doc. 76.

[36] Rec. Doc. 81.

[37] Rec. Doc. 82.

[38] Rec. Doc. 51-1 at 1.

publication of the work."[39] Here, Defendants assert that it is undisputed that Plaintiffs' works were published in 2010, that the alleged infringement occurred in February of 2016, and the copyrights were not obtained until April 25, 2016.[40] Therefore, Defendants aver that, regardless of the merits of Plaintiffs' copyright claims, their request for statutory damages or attorneys' fees for infringements that occurred before the copyrights were registered should be stricken.[41]

Moreover, Defendants argue that Plaintiffs are not entitled to treble damages under LUTPA.[42] According to Defendants, LUTPA provides that treble damages are only awarded if the court "finds that the unfair or deceptive method, act, or practice was knowingly used, *after being put on notice by the attorney general*."[43] Therefore, Defendants contend that because Plaintiffs have not alleged that Defendants received notice from the attorney general, Plaintiffs' request for treble damages should be stricken.[44]

**B.**     ***Plaintiffs' Arguments in Opposition to the Motion to Strike***

In opposition, Plaintiffs point out that Rule 12(f) motions are "disfavored and are rarely granted in the absence of prejudice to the moving party."[45] Plaintiffs contend that Defendants have not explained how they will be prejudiced if Plaintiffs' request for attorneys' fees, statutory

---

[39] *Id.* at 3 (quoting 17 U.S.C. § 412).

[40] *Id.* at 4.

[41] *Id.*

[42] *Id.*

[43] *Id.* (emphasis in original).

[44] *Id.* at 5 (citing *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 573 (E.D. La. 2015); *Conry v. Ocwen Fin. Corp.*, 2012 WL 5384681 at *3 (E.D. La. 2012)).

[45] Rec. Doc. 73 at 1.

damages, and treble damages remains in the pleadings, particularly when discovery must still be conducted regarding the timing of Defendants' unauthorized use of Plaintiffs' works.[46]

Plaintiffs concede that they may not recover attorneys' fees and statutory damages under the Copyright Act for infringements that commenced before April 25, 2016, *i.e.* the date the copyrights were registered.[47] However, Plaintiffs argue that they may be able to recover attorneys' fees and statutory damages if Defendants' live performances that commenced after April 25, 2016, are found to be separate acts of infringement.[48] Plaintiffs point out that the first "Formation World Tour" performance occurred on April 27, 2016, after the copyrights were registered, and the last performance was on October 7, 2016.[49] Because the record has not been fully developed yet, Plaintiffs aver, the Court cannot determine here if the pre-registration infringements and the post-registration infringements are related or were committed by the same Defendants.[50]

Plaintiffs also contend that they have cured any impediment to recovering treble damages under LUTPA, as they sent notice to the Louisiana Attorney General's office on May 18, 2017, that this lawsuit was filed.[51] Therefore, Plaintiffs argue that if Defendants continue their unfair practices after receiving notice from the Louisiana Attorney General's office, then treble damages would be available under LUTPA.[52] According to Plaintiffs, LUTPA does not specify a deadline

---

[46] *Id.* at 2–3.

[47] *Id.* at 3.

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.* at 5.

[51] *Id.* at 7.

[52] *Id.*

for sending notice to the Louisiana Attorney General's office.[53] Plaintiffs also point out that a court in the Western District of Louisiana awarded treble damages under LUTPA "where unfair trade practices continued after the Attorney General issued notice, even though the Attorney General was notified seventeen months after the lawsuit was filed."[54]

## C.    Defendants Arguments in Further Support of the Motion to Strike

In reply, Defendants assert that Plaintiffs' argument that they could potentially recover statutory damages or attorneys' fees for the alleged infringements that occurred during the "Formation World Tour" is incorrect in light of the Fifth Circuit's decision in *Mason v. Montgomery Data*.[55] According to Defendants, in *Mason*, the Fifth Circuit determined that under the Copyright Act "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration."[56] Defendants argue that in Plaintiffs' complaint, they did not allege that any particular Defendant infringed solely after Plaintiffs' obtained the copyright registrations.[57]

Moreover, Defendants contend that Plaintiffs' request for treble damages under LUTPA should be stricken.[58] According to Defendants, Plaintiffs concede that Plaintiffs did not provide the required notice to the Attorney General until May of 2017, and that they did not assert that the

---

[53] *Id.*

[54] *Id.* at 7–8 (citing *Hadassa Inv. Sec. Nig., Ltd. v. Swiftships Shipbuilders, LLC*, 2016 U.S. Dist. LEXIS 3919 (W.D. La. 2016)).

[55] Rec. Doc. 77-1 at 3 (citing *Mason*, 967 F.2d at 144).

[56] *Id.*

[57] *Id.*

[58] *Id.* at 4.

Attorney General has taken any action as a result.[59] Defendants argue that treble damages are only available under LUTPA if "an unfair or deceptive practice is used *after* the offending party is put on notice" by the Attorney General.[60] However, Defendants point out that the "Formation" single and music video were released over a year ago and the "Formation World Tour" concluded more than six months ago, and therefore all of the allegedly unfair or deceptive practices occurred before any possible notice given by the Attorney General.[61]

## III. Law and Analysis

### A.    *Legal Standard for Motion to Strike*

Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) further provides that the Court "may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[62] Thus, motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[63]

---

[59] *Id.*

[60] *Id.* (quoting *Gour v. Daray Motor Co.*, 373 So. 2d 571, 578 (La. App. 3rd Cir. 1979); *Konecranes, Inc. v. Robaina*, 2000 WL 41208, at *3 (E.D. La. Jan. 18, 2000)) (emphasis in original).

[61] *Id.*

[62] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Marceaux v. Lafayette Consol. Gov't*, No. 12-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012).

[63] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (holding that "motions to strike a defense are generally disfavored"); *Marceaux*, 2012 WL 5197667, at *1; *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

The Fifth Circuit has held that a motion to strike should be granted "only when the pleading to be stricken has no possible relation to the controversy."[64] Likewise, disputed questions of fact "cannot be decided on motion to strike," and, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."[65] Furthermore, "impertinent" matter consists of statements that "do not pertain, and are not necessary, to the issues in question."[66] Deciding whether to strike certain material from a complaint lies within the Court's discretion.[67]

## B.     Analysis

Defendants argue that, if the Court does not grant their motion to dismiss, then Plaintiffs' request for statutory damages and attorneys' fees under the Copyright Act and treble damages under LUTPA should be stricken.[68] The Court will consider each request in turn.

### 1.     Statutory Damages and Attorneys' Fees under the Copyright Act

According to Defendants, the Copyright Act provides that "no award of statutory damages or attorney's fee . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is

---

[64] *Augustus*, 306 F.2d at 868; *Niblo*, 821 F. Supp. at 449 ("In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.").

[65] *Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d at 1057 (determining that striking a defense is proper "when the defense is insufficient as a matter of law"); *Augustus*, 306 F.2d at 868.

[66] *See S.E.C. v. Blackburn*, No. 15-2451, 2015 WL 5665168, at *2 (E.D. La. Sept. 23, 2015) (Barbier, J.) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004)).

[67] *See In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1168 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 807 (1969)); *Marceaux*, 2012 WL 5197667, at *1.

[68] Rec. Doc. 51-1 at 1.

11

made within three months after the first publication of the work."[69] Defendants argue that the amended complaint alleges that the alleged copyright infringement occurred in February 2016, and that Plaintiffs only obtained copyright registrations in the YouTube videos on April 25, 2016.[70] Thus, Defendants assert that Plaintiffs are not entitled to statutory damages or attorneys' fees for their copyright claim, and the requests should be stricken.[71]

In opposition, Plaintiffs assert that they are entitled to receive damages for the unauthorized use of Anthony Barré's voice and words that occurred after the copyrights were registered on April 25, 2016.[72] In particular, Plaintiffs argue that there is a disputed factual and legal issue regarding whether the "Formation World Tour" is a separate act of infringement, as it began on April 27, 2016, after the copyrights were registered.[73] Moreover, Plaintiffs contend that there is a disputed question regarding whether these alleged post-registration copyright infringements of the "Formation World Tour" were committed by different Defendants than those involved in the pre-registration copyright infringements.[74]

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion made by a party.[75] "The motion to strike should be granted only when the pleading to be stricken has no

---

[69] *Id.* at 3 (quoting 17 U.S.C. § 412).

[70] *Id.* at 4.

[71] *Id.*

[72] Rec. Doc. 73 at 2.

[73] *Id.* at 4.

[74] *Id.* at 5.

[75] Fed. R. Civ. P. 12(f).

possible relation to the controversy."[76] Here, Plaintiffs have sufficiently alleged that they can recover statutory damages and attorneys' fees for certain Defendants' violations of Plaintiffs' copyrights after they were registered. Moreover, Plaintiffs allege in their amended complaint that Defendants "continue to willfully infringe on Anthony Barré's voice, works, performance and sound recordings by . . . publicly performing 'Formation' and 'Lemonade,'" such as in the "Formation World Tour" performances.[77] By contrast, Defendants have not shown that Plaintiffs' instant request constitutes "redundant, immaterial, impertinent, or scandalous matter" such that striking it from the record pursuant to Rule 12(f) is proper. Accordingly, the Court denies Defendants' motion to strike Plaintiffs' request for statutory damages and attorneys' fees under the Copyright Act.

### 2.    Treble Damages under LUTPA

Second, Defendants argue that Plaintiffs are not entitled to treble damages under LUTPA.[78] According to Defendants, LUTPA provides that treble damages are only awarded if the court "finds that the unfair or deceptive method, act, or practice was knowingly used, *after being put on notice by the attorney general*."[79] Therefore, Defendants contend that because Plaintiffs have not alleged that they notified the attorney general or that Defendants received notice from the attorney general, Plaintiffs' request for treble damages must be stricken.[80]

---

[76] *Augustus v. Bd. of Pub. Instruction,* 306 F.2d 862, 868 (5th Cir.1962) (citations omitted); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007).

[77] Rec. Doc. 2 at 22, 24.

[78] *Id.*

[79] *Id.* (emphasis in original).

[80] *Id.* at 5 (citing *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F.Supp.3d 537, 573 (E.D. La. 2015); *Conry v. Ocwen Fin. Corp.*, 2012 WL 5384681 at *3 (E.D. La. 2012)).

In opposition, Plaintiffs argue that they have the right to pursue attorneys' fees under LUTPA.[81] Plaintiffs represent that on June 19, 2017, Louisiana Attorney General issued Notice to Defendants of Plaintiffs' LUTPA claim to "provide the defendants with the opportunity to evaluate their position and if necessary to cease such activity."[82] Although this notice was issued after litigation commenced, Plaintiffs assert that LUTPA does not specify a deadline for sending notice to the Attorney General's office.[83] Thus, Plaintiffs contend that they have cured any impediment to recovering treble damages under LUTPA, and their delay in notifying the Attorney General does not warrant striking their treble damages claim under LUTPA.[84]

Pursuant to Louisiana Revised Statute § 51:1409(A), LUTPA provides that "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained."[85] In their amended complaint, Plaintiffs allege that they are "entitled to attorneys' fees, costs, and treble damages, under La. R.S. 51:1409."[86] Moreover, Plaintiffs have pointed out that the Attorney General has since issued notice to Defendants as required by LUTPA to receive treble damages, and Plaintiffs allege in their complaint that Defendants have continued their "unauthorized use" and "exploitation" of Plaintiffs' copyrighted works.[87] By contrast, Defendants have not shown that

---

[81] *Id.* at 6.

[82] *Id. See* Rec. Doc. 99.

[83] Rec. Doc. 73 at 7.

[84] *Id.* at 7. *See also* Rec. Doc. 97 at 1 (Plaintiffs providing the Notice of Louisiana Attorney General and arguing that it fulfills the requirements for Plaintiffs to seek treble damages under LUTPA).

[85] La. Rev. Stat. § 51:1409(A).

[86] Rec. Doc. 2 at 33.

[87] Rec. Doc. 73 at 7; *see, e.g.*, Rec. Doc. 2 at 3, 21–22 (Plaintiffs alleging that despite their efforts to resolve this issue amicably, "the infringement continues").

Plaintiffs' instant request for treble damages constitutes "redundant, immaterial, impertinent, or scandalous matter" such that striking it from the record is proper. Accordingly, the Court denies Defendants' motion to strike Plaintiffs' request for treble damages under LUTPA.

### IV. Conclusion

Based on the foregoing, the Court finds that Defendants have not shown that Plaintiffs' request for statutory damages and attorneys' fees under the Copyright Act or treble damages under LUTPA are "redundant, immaterial, impertinent, or scandalous matter" such that striking it from the record is proper. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Strike"[88] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 25th day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[88] Rec. Doc. 51.